IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Apr 28 2022
U.S. DISTRICT COURT
Northern District of WV

HEATHER VOLCHKO, an individual;
    *Plaintiff*,

v.

Docket No.: 5:22-cv-114 (Bailey)

JURY TRIAL DEMANDED

CURTIS LEE BURCH., an individual;
PLAINS MARKETING, L.P. a Texas Limited
Partnership, PLAINS ALL AMERICAN PIPELINE,
L.P. t/d/b/a PLAINS MARKETING, L.P.

    *Defendants*

## COMPLAINT

AND NOW, comes the Plaintiff, Heather Volchko, an individual by and through her counsel, Kevin L. Neiswonger, Esq. and the Law Office of Neiswonger and White, and respectfully sets forth the following:

## PARTIES

1. Plaintiff, Heather Volchko, is an individual residing at 2476 Jefferson Road, Jefferson Pa 15344.

2. Defendant, Curtis Lee Burch, is an individual residing at 120 Mcknzie Drive Weatherford Oklahoma 73096.

3. Defendant, Plains Marketing, L.P., is a Texas limited partnership with its principle place of business at 333 Clay Street Suite 1600 Houston, Texas, 77002.

4. Defendant, Plains All American Pipeline, LP, trades or does business as Plains Marketing L.P., with its principle place of business locate at 333 Clay Street Suite 1600 Houston,

Texas, 77002. The Defendants Plains Marketing LP and Plains All American Pipeline, LP t/d/b/a Plains Marketing LP hereinafter collectively referred to as "Plains Marketing."

## JURISDICTION

5. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 (a) (1) as the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that the accident occurred within this district.

## FACTS COMMON TO ALL PARTIES

7. At all times relevant to this matter, the named Defendant, Plains Marketing, were acting by and through their respective agents, servants, and employees who were going about the business of the Defendants and who were acting within the scope of their authority.

8. At all times material to this matter, the Defendant, Curtis Lee Burch, was in the possession and control of a motor vehicle and had a duty to operate the vehicle in a safe manner free of dangerous acts which would present unreasonable risks of harm and injury to others also traveling on the roadway.

9. On or about July 30, 2020, Plaintiff Heather Volchko was the operator of a vehicle traveling northbound on West Virginia Route 18 towards Middlebourne, West Virginia.

10. Then and there Defendant Curtis Lee Burch was operating a freighliner truck tractor with semi-trailer also on Route 18 approaching the same location.

11. As Defendant Curtis Lee Burch attempted to make a right turn, he lost control of the truck he was operating and crpossed the center line into the lef hand line, striking a vehicle

positioned directly in front of the Plaintiff, Heather Volchko, head-on. The impact of the collision was so substantial that it caused the Plaintiff's vehcicle to be struck by pieces of debris that were propelled from the vehicles invlved in the subject collision.

## COUNT 1

### HEATHER VOLCHKO V. CURTIS LEE BURCH

12. The averments set forth in paragraphs 1 through 11 are incorporated by reference thereto as if more fully set forth herein.

13. At all times relevant to this matter, the named Defendant, Plains Marketing, were acting by and through their respective agents, servants, and employees who were going about the business of the Defendants and who were acting within the scope of their authority.

14. At all times material to this matter, the Defendant, Curtis Lee Burch, was in the possession and control of a motor vehicle and had a duty to operate the vehicle in a safe manner free of dangerous acts which would present unreasonable risks of harm and injury to others also traveling on the roadway.

15. On or about July 30, 2020, Plaintiff Heather Volchko was the operator of a vehicle traveling northbound on West Virginia Route 18 towards Middlebourne, West Virginia.

16. Then and there Defendant Curtis Lee Burch was operating a freighliner truck tractor with semi-trailer also on Route 18 approaching the same location.

17. As Defendant Curtis Lee Burch attempted to make right hand turn, he lost control of the truck he was operating and crpossed the center line into the lef hand line, striking a vehicle positioned directly in front of the Plaintiff, Heather Volchko, head-on. The impact of the collision was so substantial that it caused the Plaintiff's vehcicle to be struck by pieces of debris that were propelled from the vehicles invlved in the subject collision

18. All of the resultant injuries and damages sustained by Heather Volchko were the direct and proximate result of the negligence and recklessness of the Defendant, acting as aforesaid, in one or more of the following particulars:

    a. failing to keep his vehicle under proper lookout ahead as required by the law and prudent driving;

    b. failing to keep his vehicle under proper control

    c. operating his vehicle at a high, excessive, and dangerous rate of speed under the circumstances;

    d. failing to maintain a proper lookout ahead;

    e. failing to keep a careful, diligent, and alert watch on the road;

    f. failing to control the speed of his vehicle in light of the existing road conditions;

    g. failing to use proper care and caution for other users of the highway;

    h. failing to keep his vehicle under such control as to permit it to collide with the Plaintiff's vehicle.

    i. in operating his vehicle in a reckless disregard to the life and property of others on the roadway;

    j. violating the Motor Vehicle Code; and

    k failing to devote full time and attention to the operation of his motor vehicle under the existing circumstances to avoid endangering life, limb, or property;

19. Plaintiff alleges that the actions of Defendant Curtis Lee Burch constitute negligence per se in that he was cited with failing to keep his vehicle in his legal lane of travel.

20. As a direct and proximate result of the aforesaid accident, Plaintiff Heather Volchko was thrown violently in and about the vehicle, she was bruised and battered about her person; she sustained shock and injury to her nerves and nervous system; she was physically thrown into an abnormal posture; she sustained great pain to her head, neck, shoulders, back, legs, right arm, right leg/ankle; she developed a significant infection in her right leg/ankle causing her to undergo numerous surgeries to attempt to cure the infection; she underwent an IV PICC line of antibiotics; she has undergone various surgeries to debride the infected area; she had to undergo and in the future may be required to undergo painful treatment, surgery, and therapy; she was required to undergo and in the future may undergo painful diagnostic tests, treatment and additional therapy for her injuries; she may have sustained an aggravation of pre-existing injuries or conditions; she sustained a loss of earnings and her earning power may have been permanently impaired. She sustained other injuries, losses, and damages. All of the foregoing may be of a permanent and continuing nature and character. She has incurred and may hereafter incur expenditures for medical care, nursing, drugs, appliances, and kindred expenditures in excess of any first party benefits provided by Pennsylvania Motor Vehicle Financial Responsibility Law.

21. At all times material, Plaintiff had in effect full tort option motor vehicle insurance coverage or, in the alternative, her injuries were serious within the meaning of the Pennsylvania Motor Vehicle Financial Responsibility Law.

WHEREFORE, Plaintiff asks for the entrance of judgment in her favor against the Defendant for:

    a. compensatory damages for the harm caused by the Defendants in an amount to be determined by this Court to be just, fair and reasonable;

    b. prejudgment and post judgment interest;

    c.    the costs incurred in the prosecution of this matter;

    d.    reasonable counsel fees;

    e.    any additional damages and punitive damages under the facts set forth herein; and,

    f.    such other and further equitable and legal relief as the Court deems just and appropriate.

## COUNT II

## HEATHER VOLCHKO V. PLAINS MARKETING, L.P

22. The averments set forth in paragraphs numbered 1 through 21 are incorporated by reference thereto as if more fully set forth herein.

23. At all times material, Defendant Curtis Burch was acting as the agent, servant or employee of Defendant Plains Marketing, in the operation of its vehicle, was going in and about its business, and was acting within the scope of its authority. Said vehicle was under the management and control of Defendant Plains Marketing's agent, servant, workman, or employee who was at that time engaged in their business and acting within the scope of their employment.

24. By reason of the aforesaid agency relationship, the aforesaid negligence of Defendant Curtis Burch is imputed to Defendant Plains Marketing.

25. All of the foregoing injuries and damages sustained by the Plaintiff as aforesaid were the direct and proximate result of the aforesaid negligence of Defendant Plains Marketing

WHEREFORE, Plaintiff asks for the entrance of judgment in her favor against the Defendant for:

    a.    compensatory damages for the harm caused by the Defendant in an amount to be determined by this Court to be just, fair and reasonable;

b. prejudgment and post judgment interest;

c. the costs incurred in the prosecution of this matter;

d. reasonable counsel fees;

e. any additional damages and punitive damages under the facts set forth herein; and,

f. such other and further equitable and legal relief as the Court deems just and appropriate.

Respectfully submitted by:

/s/Kevin L.Neiswonger, esq.
Neiswonger and White
409 Morton Avenue
Moundsville, WV 26041
WV. State Bar#6941